CARTER, Judge.
Jimmy Effler was charged by bill of information with fourth offense D.W.I. in violation of LSA-R.S. 14:98. Defendant filed a motion to quash the bill of information, which was denied. Defendant then entered a plea of guilty reserving his right to appeal the denial of his motion to quash. The trial court sentenced defendant to a term of ten (10) years at hard labor. Defendant appeals his conviction and presents two assignment of error for review.[1]
ASSIGNMENT OF ERROR NO. 1
In this assignment, defendant admits that he had three prior convictions for D.W.I., but is now contending that, at the time he plead guilty to the three prior offenses, the cases were improperly joined. We have read the minutes introduced as State Exhibit # 2, which discloses that all three charges were billed separately under different numbers and were separate for all purposes until defendant decided to plead guilty to all three charges. At the time the court accepted the guilty pleas, it accepted a guilty plea to each of the three offenses, but the three prior offenses were never joined. Further, the Boykinization of the trial judge submitted as State Exhibit # 1 clearly establishes that the defendant was aware of the three offenses with which he was charged, the various penalties for each offense, and all of his rights in relation thereto including a jury trial. The defendant knowingly and intelligently waived his rights and entered guilty pleas to each of the three prior offenses as is reflected in the Boykinization.
Therefore, appellant is incorrect in arguing that the three cases in the Twenty-First Judicial District Court were improperly joined, and the record in the present case adequately reflects the three separate, pri- or D.W.I. convictions. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the court erred in imposing an excessive sentence. Defendant received the minimum sentence required by LSA-R.S. 14:98 E. for conviction of the offense of driving while intoxicated, fourth offense. Although ten (10) years at hard labor is a severe sentence, a conviction of fourth offense D.W.I. is a serious crime. The fourth conviction indicates that defendant has a serious problem and is a danger to himself and is an obvious danger to the traveling public. We find no abuse of sentencing discretion by the trial court, and this assignment of error has no merit.
CONCLUSION
For the above reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant assigns as a third assignment of error the review of the record for errors patent on the face of the record which is done by this court in all cases pursuant to LSA-Const. Art. 1, § 19 and LSA-C.Cr.P. art. 920.